UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTOINE BESSANT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> N. WASSERSTROM & SONS, INC. <br><br> Defendant. | ) CASE NO. 2:19-cv-05310 <br> ) <br> ) JUDGE EDMUND A. SARGUS <br> ) <br> ) MAGISTRATE JUDGE CHELSEY M. <br> ) VASCURA <br> ) <br> ) <br> ) **JOINT MOTION FOR APPROVAL** <br> ) **OF SETTLEMENT AND** <br> ) **STIPULATION OF DISMISSAL WITH** <br> ) **PREJUDICE** |

**I.     INTRODUCTION**

Representative Plaintiff Antoine Bessant, on behalf of himself and all Opt-In Plaintiffs, and Defendant N. Wasserstrom & Sons, Inc. ("Defendant" or "Wasserstrom") respectfully move this Court to (1) approve the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit 1; and (2) dismiss this case, with prejudice, each party to bear its own costs and attorneys' fees unless otherwise provided in the Settlement.

The proposed Settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding state wage-and-hour statutes. Plaintiff asserted that Defendant unlawfully failed to pay its hourly, non-exempt manufacturing employees, including Plaintiff, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek.

If approved by the Court, the Settlement will provide for the issuance of Individual Payments within twenty-one (21) days.

The Parties respectfully submit that the proposed Settlement is fair and reasonable and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties.

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit 1: Joint Stipulation of Settlement and Release

Exhibit 2: Declaration of Chastity L. Christy

Exhibit 3: Order of Dismissal and Approving Settlement

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Action

On December 3, 2019, Representative Plaintiff Antoine Bessant filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt manufacturing employees, including Plaintiff, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (Doc. No. 1.) Specifically, Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but

not limited to glasses, gloves and/or harnesses; b) getting tools and equipment that were necessary to perform their manufacturing work; c) getting instructions about the work they needed to perform and where they needed to perform their work; d) walking to and from their assigned area of the manufacturing floor; and/or e) performing their manufacturing work.  (*Id.*)

Defendant contended, and continues to contend, that Plaintiff and the Opt-In Plaintiffs were not entitled to the claimed compensation for a variety of reasons, including that they did not work any overtime hours and were paid for all hours worked under the FLSA and Ohio law.

### B. Negotiation of The Settlement

Between December 2019 and August 2020, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.  (Ex. 2, Christy Declaration, ¶22.)  This included the production of time and pay data of Plaintiff and Opt-In Party Plaintiffs and the calculations of Plaintiff's and the Opt-In Party Plaintiffs' alleged overtime damages.  (*Id.*)

Between December 2019 and January 2021, the Parties engaged in extensive legal discussion and correspondence, which included numerous discussions and written communications.  (*Id.* at ¶23.)  Between August 2020 and January 2021, the Parties engaged in extensive settlement negotiations.  (*Id.* at ¶24.)  The Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1.  (*Id.* at ¶27.)  The Parties reached the proposed Settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.  (*Id.*)

### C. The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff and the four (4) Opt-In Party Plaintiffs ("Plaintiffs").

3

The Total Settlement Amount is Ten Thousand Dollars ($10,000.00), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.  (Ex. 2, ¶ 30.)

Nine Hundred Five Dollars and Thirty Cents ($905.30) of the Total Settlement Amount will be divided into Individual Payments to Plaintiffs. (*Id*. at ¶ 32.)  The Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period. The Individual Payments are provided in Appendix 1 of the Settlement. (*Id*. at ¶ 33.)

Five Hundred Dollars ($500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Antoine Bessant, in addition to his Individual Payment, for his service as the Representative Plaintiff. (*Id*. at ¶ 34.)  In addition, Eight Thousand Five Hundred Ninety-Four Dollars and Seventy Cents ($8,594.70) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($7,598.78 in fees and $995.92 in expenses) incurred in the Action. (*Id*. at ¶¶ 36, 44.)

In exchange, the Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii) hereby stipulate to the dismissal of this Action with prejudice, and the Plaintiffs will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and corresponding state wage and hour statutes as alleged in the Complaint for the Released Period.

**III.**   **THE PROPRIETY OF APPROVAL**

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As shown in the attached Declaration of Chastity L. Christy, and as explained below, Court approval is warranted on all scores.

A. **The Seven-Factor Standard Is Satisfied**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Christy Declaration (*see* Exhibit 2), the standard supports approval of the Settlement.

B. **The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v.*

5

*Fibreboard Corp.,* 527 U.S. 815, 855 (1999)).  All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement.  The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion.  (*See* Exhibit 2.)  The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming.  While only little formal discovery has yet commenced, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*.)  The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶37.)  The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff.  (*See* Exhibit 2.)

All Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period.  (*Id*. at ¶33.)

If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid overtime compensation.  Plaintiffs' Counsel calculated the alleged overtime compensation owed to Plaintiffs by comparing each Plaintiff's daily punch to punch time with the hours that were already paid.  Any difference in the weekly overtime amounts was multiplied by one and one-half times the Plaintiff's hourly rate.  (*Id*. at ¶31.)

Between December 5, 2016 and October 18, 2019, the Plaintiffs were allegedly denied approximately $440.15 in overtime compensation based on their punch records.   Pursuant to the Settlement, each Plaintiff will receive 100% of their overtime compensation and 100% of their liquidated damages. (*Id.* at ¶ 31.)   Additionally, Sean Holmes will receive a minimum payment in the amount of $25.00.  Accordingly, the settlement proceeds are fair, reasonable and adequate.

      C.      **Plaintiffs' Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). The Sixth Circuit acknowledge it has "'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *Fegley*, 19 F.3d at 1134-35, quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984); *Posner v. The Showroom, Inc.,* 762 F.2d 1010, 1985 WL 13108 at *2 (6th Cir. 1985). *Fegley* was followed in *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007).

In determining the reasonableness of a fee award, the *Bessey* court considered the comparative data about class settlements summarized in *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000), *discussed in Bessey*, 2007 WL 3173972, at *4:

> The most complete analysis of fee awards in class actions conducted to date was conducted by the National Economic Research Associates, an economics consulting firm. The data is reported at Frederick C. Dunbar, Todd S. Foster, Vinita M. Juneja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (NERA, June 1995) (hereinafter "NERA Study"). <u>This data indicates that regardless of size, attorneys' fees average approximately 32% of the settlement.</u>

*Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12) (emphasis added).

7

The NERA Study relied upon in *Shaw* and *Bessey* showed the average result achieved for class members was only 7% to 11% of claimed damages. Measured against that standard, the Settlement in the present case is exemplary. The allocation to the Plaintiffs represents 100% of their overtime compensation and 100% of their liquidated damages. Plaintiffs will recover all damages they would have been entitled to even if the case proceeded to trial.

The attorney's fees provision of the FLSA exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail, and thereby to help ensure enforcement of the substantive provisions of the Act. 29 U.S.C. §216(b).

Recently, on September 8, 2020, Judge Algenon Marbley of this District approved a settlement in *Rosenbohm, et al. v Cellco Partnership, d/b/a Verizon Wireless*, Case No. 2:17-cv-00731 (S.D. Ohio Sept. 8, 2020). Counsel in the current matter were also Counsel in the *Rosenbohm* matter. (Ex. 2, ¶ 41.) In *Rosenbohm*, Counsel provided declarations setting forth their hourly rates as follows: Anthony J. Lazzaro, $450 per hour; Chastity L. Christy, $450 per hour; Lori M. Griffin, $350 per hour; Paralegal Alex Landis, $100 per hour; Michael L. Fradin, $500 per hour. (*Id.* at ¶ 42.) Additionally, Douglas M. Werman provided a declaration setting forth his hourly rate of $700. (*Id.*) In *Rosenbohm*, the Court found the settlement, including the attorneys' fees, reasonable. In viewing the value of services on an hourly basis, the Court found that "Plaintiffs received adequate representation ***at a reasonable rate***." *Rosenbohm* at p. 8. (Emphasis added.)

Further, the Court stated:

> Plaintiffs' counsel achieved a fairly good result for their clients since each Plaintiff is expected to receive sixty-two percent of the damages they could have received at trial if successful. *See Michel*, 2014 WL 497031, at *15 (S.D. Ohio, 2014) (noting a "monetary recovery consisting of over 70% of class members' estimated damages has been recognized as a 'substantial and certain' benefit to the members . . . a recovery of approximately 50% of an average class member's damages has been recognized as 'a moderately good' result."); *Dillworth*, 2010 WL 776933, at *8

(finding that a recovery of one-third of the owed wages for class members, before deducting attorney's fees and costs, is "well above" average). This factor, therefore, weighs in favor of the proposed fees award.

*Id.* at p. 7.

In *Rosenbohm*, the amounts to the Plaintiffs were approximately 62% in overtime compensation and no liquidated damages. (*Id.* at p. 7; Ex. 2, ¶ 43.) In the instant case, Counsel achieved an even better result for their clients as the Plaintiffs in this matter will receive 100% of their overtime compensation and 100% of their liquidated damages. (*Id.*)

Plaintiffs' Counsel's Declaration contains the information that demonstrates the reasonableness of the fees and expenses incurred. (*See* Exhibit 2.) The litigation expenses sought to be reimbursed are proper and reasonable. Plaintiffs' Counsel has incurred expenses in the amount of $995.92. (*Id.* at ¶ 45.) All expenses were incurred during the course of the litigation of this Action and are attached to Ms. Christy's declaration. (*Id.*)

IV. **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit 3.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Fred G. Pressley, Jr. |
| Chastity L. Christy (0076977) | Fred G. Pressley, Jr. (0023090) |
| Anthony J. Lazzaro (0077962) | Porter Wright Morris & Arthur LLP |
| Lori M. Griffin (0085241) | 41 South High Street, Suites 2800-3200 |
| The Lazzaro Law Firm, LLC | Columbus, OH 43215 |
| The Heritage Building, Suite 250 | Phone: 614-227-2233 |
| 34555 Chagrin Boulevard | Facsimile: 614-227-2100 |
| Moreland Hills, Ohio 4022 | fpressley@porterwright.com |
| Phone: 216-696-5000 | |
| Facsimile: 216-696-7005 | Rachel E. Burke (0066863) |
| anthony@lazzarolawfirm.com | Porter Wright Morris & Arthur LLP |
| chastity@lazzarolawfirm.com | 250 E. Fifth St., Suite 2200 |
| lori@lazzarolawfirm.com | Cincinnati, OH 45202 |

9

|  |  |
|---|---|
| Attorneys for Plaintiffs | Phone: (513) 369-4236<br>Fax: (513) 421-0991<br>rburke@porterwright.com |
|  | Attorneys for Defendant |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                                     /s/ Chastity L. Christy
                                                     Chastity L. Christy