UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTOINE BESSANT,**

    **Plaintiff,**

  v.

**WASSERSTORM & SONS, INC.,**

    **Defendant.**

Case No. 2:19-cv-5310
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement (ECF No. 18). For the following reasons, the motion (ECF No. 18) is **GRANTED**.

**I.**

On December 3, 2019, Representative Plaintiff Antoine Bessant commenced this action which asserts collective wage-and-hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and class action wage and hour claims under the Ohio Minimum Fair Wage Standards Act, (Ohio Rev. Code § 4111.03), on behalf of himself and similarly situated manufacturing employees of Defendant Wasserstorm & Sons, Inc. Representative Plaintiff alleges that Defendant violated the FLSA by failing to pay him and other similarly-situated employees for, among other things, the time they spent suiting up, retrieving equipment, receiving instructions, and performing manufacturing before the start of their shifts. (ECF No. 4). Defendant denies these claims.

The Parties exchanged information, investigated, and engaged in extensive legal discussions. Between August 2020 and January 2021, the Parties engaged in settlement negotiations. Then, on February 4, 2021, the Parties filed their Joint Motion for Approval of

Settlement. (ECF No.18). The Settlement will cover Representative Plaintiff and the four opt-in Plaintiffs. The total settlement amount is $10,000.00, which covers the individual payments to the Plaintiffs, a service award to Representative Plaintiff, and attorneys' fees and expenses for Plaintiff's counsels. (ECF No. 18-1 at PageID #91). The Settlement Agreement provides that the action is to be dismissed with prejudice.

## II.

"An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the secretary of Labor or a district Court." *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6 (S.D. Ohio Dec. 2, 2016). "Thus, the proper procedure for obtaining court approval of the settlement of FLSA claims is for the Parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* at *6–7 (internal citations omitted). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of settlement of litigation." *Id.* (internal citations omitted).

"The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is 'fair and reasonable:' (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement." *Snide v. Disc. Drug Mart, Inc.*, No. 1L11CV244, 2013 U.S. Dist. LEXIS 40078, at *3–4 (N.D. Ohio Feb. 27, 2013) (internal citation omitted). "These factors have also been applied

by Courts in evaluating the fairness, reasonableness, and adequacy of an FLSA settlement." *Vigna*, 2016 U.S. Dist. LEXIS 166605 at *6.

### III.

The Parties submit that the factors weigh in favor of the Court approving this settlement, and the Court agrees.

#### A. Indicia of Fraud or Collusion

The Parties state that their counsel "have extensive experience litigating FLSA claims." (Joint Mot. at PageID #85). Additionally, the Parties state that the settlement was achieved after extensive discussions, and negotiations spanning months. (Christy Decl. at ¶¶ 23-24, ECF No. 18-2). "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006). There is no evidence of fraud or collision in this case and instead only evidence of good-faith arms-length negotiations. This factor favors approval of the settlement.

#### B. Complexity, Expense, and Duration of Litigation

The Parties point out that employment cases, and wage-and-hour cases in particular, are expensive and time-consuming. (Joint Mot. at PageID #85). Moreover, the Parties continue to disagree as to the merits of the case and recognize the risks of continued litigation. (*Id.*) The difficulty Plaintiff would encounter in proving his claims, the substantial litigation expenses, and a possible delay in recovery due to the appellate process provide justifications for the Court's approval of the proposed Settlement. *See Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 U.S. Dist. LEXIS 26464, at *9 (S.D. Ohio Feb. 20, 2019) (finding the same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) (finding the same). If this matter was not settled at this time the Parties would have to

engage in discovery, there would likely be summary judgment motions, case management conferences, trial preparation, and more. This would cause the Parties expense and time. Accordingly, this factor weighs in favor of approving this settlement.

### C. Sufficiency of Investigation

The Parties contend that they have engaged in substantial investigation and informal discovery. (Joint Mot. at PageID #85). "To confirm that Named Plaintiff[] 'ha[s] had access to sufficient information to evaluate their case and to assess the adequacy of the proposed Settlement,' the Court must consider the amount of discovery engaged in by the parties." *Wright*, 2018 U.S. Dist. LEXIS 140019 at *9 (quoting *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006)). "In considering whether there has been sufficient discovery to permit the plaintiff[] to make an informed evaluation of the merits of a possible settlement, the [C]ourt should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Id.* (quoting *UAW v. Gen'l Motors Corp.*, No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 14890, at *19 (E.D. Mich. Mar. 31, 2006)). "In this consideration, 'the absence of formal discovery is not unusual or problematic, so long as the parties and the [C]ourt have adequate information in order to evaluate the relative positions of the parties.'" *Id.* at *9–10 (citing *UAW*, 2006 U.S. Dist. LEXIS 14890 at *19).

In this case the Parties engaged in informal discovery, which included a complete analysis and calculation of alleged overtime damages. This informal discovery is sufficient for the Court to believe both Parties made an informed decision to enter into this settlement agreement. This factor weights in favor of approving the settlement agreement.

4

### D. Likelihood of Success on the Merits

Both Parties believe in the merits of their positions, but they recognize the uncertainty involved in the litigation of this case. "The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Wright*, 2018 U.S. Dist. LEXIS 140019 at *10–11 (citing *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 245 (6th Cir. 2011)).

Here, Plaintiff alleges he and others similarly situated were not paid overtime wages as required by the FLSA. (Compl., ECF No. 1, and PageID #1). Defendant dispute Plaintiff's claims. (*See* Joint Mot. 6). Due to the uncertainties inherent in these claims the likelihood of success is unclear. Thus, this factor weighs in favor of approving the settlement. *See Wright*, 2018 U.S. Dist. LEXIS 140019 at *11 (finding the same); *Mitchell*, 2019 U.S. Dist. LEXIS 26464 a *12 (finding the same).

### E. Opinion of Counsel

Plaintiff's Counsel states that "[f]rom my experience litigating this case, I believe that the proposed Settlement is in the best interest of Representative Plaintiff and Opt-in Party Plaintiffs." (Christy Decl. at ¶ 28). She further points out that "each Plaintiff will receive 100% of their overtime compensation and 100% of their liquidated damages." (*Id.* at ¶ 32). "The recommendation of [] [c]ounsel, skilled in class actions and corporate matters, that the Court should approve the [s]ettlement is entitled to deference." *Wright*, 2018 U.S. Dist. LEXIS 140019 at *11–12; *see, e.g., Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs .... [T]he deference afforded counsel should correspond to the amount of discovery

completed and the character of the evidence uncovered."); *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *7 (S.D. Ohio May 30, 2012) ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.").

The Court gives deference to counsel's belief that the settlement is fair and reasonable, particularly in light of counsel's submission that Plaintiffs will be fully compensated. Thus, this factor weighs in favor of approving the settlement.

### F. Settlement Distributions

Each Opt-in Plaintiff will be fully compensated for the payments they are allegedly owed. (*Id.* at ¶ 32). "As a part of its exacting and thorough examination of a class action settlement, a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *31 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 855 (1999)). Full compensation is certainly equitable and thus the Court finds this allocation of the settlement proceeds fair and reasonable.

The Parties also seek to award $500 (in addition to his individual payment) to Representative Plaintiff for his time and effort in prosecuting this matter. (ECF No. 18-1 at PageID #92). "Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent." *In re Fun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 266, 373 (S.D. Ohio 1990). The Court finds it reasonable for the Representative Plaintiff in this case to receive an allocation as provided for in the settlement agreement.

### G. Attorneys' Fees and Expenses

Finally, the Parties' agreement allocates attorneys' fees for Plaintiff's counsels in the amount of $7,598.78, as well as $995.92 in expenses, for a total of $8,594.70. (ECF No. 18-1 at PageID #92).

If a plaintiff prevails under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Further, "an award of attorney fees [] encourages the vindication of congressionally identified policies and rights." *Id.* at 1134–35. Plaintiff's counsels' fees and expenses make up the lion's share of this settlement agreement, which makes for an alarming first glance. However, given that the total settlement amount is $10,000.00, and Plaintiffs are to be fully compensated, they are reasonable.

### H. Balancing the Relevant Factors

All of the relevant factors weigh in favor of approving this settlement. The Court finds the settlement reflects a reasonable compromise over issues and therefore is fair and reasonable. *See Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at *6–7 (S.D. Ohio June 24, 2022) ("If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues', such as FLSA coverage and/or computation of back wages that are 'actually in dispute,' the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'") (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Thus, the Court **APPROVES** the settlement agreement.

**IV.**

In sum, the Joint Motion for Approval of Settlement, (ECF No. 18), is **GRANTED.** The Settlement and Release (ECF No. 18-1) is **APPROVED** and the case is **DISMISSED**. This Court shall retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**2/12/2021**　　　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**